UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH A. ADAMS,

                    Plaintiff,                    Case No. 9:14-cv-1232
                                                  (GTS/DJS)

        -vs-

OFFICER NASHON, OFFICER WIGGENS
and C.O. HANDCOCK,

                    Defendant.

───────────────────────────────

GLENN T. SUDDABY, U.S. DISTRICT JUDGE

## TRIAL ORDER

All relevant Uniform Pretrial Scheduling Order deadlines having expired in

the above-captioned case, it is hereby designated "trial ready," and

A pretrial conference having been held on May 3, 2016, with counsel for all

parties, it appears from the conference that the case is now trial ready.

Accordingly, it is hereby

ORDERED that the jury trial in this case shall begin on **NOVEMBER 14,**

**2016** at 9:00 a.m. in Syracuse, New York before the Honorable Glenn T.

Suddaby; and it is further

ORDERED that any request to the Court to issue a Writ of Habeas Corpus

Ad Testificandum to produce an inmate witness to testify at trial must be made by

**OCTOBER 14, 2016** and must include a detailed statement as to the relevancy of

the inmate witness' testimony and what the inmate witness is expected to testify to, including, but not limited to, the date and time of the incident witnessed; where exactly the inmate witness was located when he/she witnessed the incident and how he/she was able to view the incident (i.e. if he/she was located in an adjoining cell); the names of the individuals involved in what he/she witnessed; and what exactly was witnessed; and it is further

ORDERED that all counsel appear before the undersigned at a final pretrial conference on **NOVEMBER 4, 2016** at 11:00 am at the James Hanley Federal Building, 3rd Floor Chambers, 100 South Clinton Street, Syracuse, New York; it is further

ORDERED that any request to the Court for a bifurcated closing argument (plaintiff presents closing arguments first followed by defendants closing arguments and then plaintiff may present a rebuttal argument) must be made by **OCTOBER 24, 2016**, with any opposition thereto by **OCTOBER 31, 2016**; and it is further

ORDERED that all pretrial submissions, including any motions *in limine*, must be filed on or before **OCTOBER 24, 2016**, and all responses to motions *in limine* must be filed on or before **OCTOBER 31, 2016.** This order supersedes all deadlines previously set. All pretrial submissions shall include the following:

(1)    Joint Pretrial Stipulations: A joint pretrial stipulation shall be
        subscribed by counsel for all parties, shall be electronically filed with
        the Clerk's Office, and shall contain:

(a)    The basis of federal jurisdiction;

(b)    A list of all exhibits that can be stipulated into evidence or that will be offered without objection as to foundation; and

(c)    Relevant (1) facts not in dispute, (2) facts in dispute, and (3) issues of law to be considered and applied by the Court.

(2)    <u>Witnesses</u>:

(a)    Counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, a list of witnesses that may be called to testify at trial, other than solely for impeachment purposes, including the following information regarding each witness:

    (i)    The name and address of each witness (city,state) and title (if applicable), separately identifying those whom the party expects to present and those whom the party may call if the need arises, as well as a brief summary of the testimony to be offered by each witness.

    (ii)    The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

(b)    **The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance.**  In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial date by written or video-taped deposition for possible use at trial.  (See Paragraph 5).

(c)    All witnesses are excluded from hearing the testimony of others at trial and/or reviewing a verbatim record of the testimony of others at trial, unless the witness's proponent demonstrates that one of the four exceptions to Fed.R.Evid. 615 exists.

(3) <u>Exhibits</u>:

    (a) <u>Exhibit Lists</u>: Counsel shall electronically file an exhibit list with the Clerk's Office, with a copy to opposing counsel, **on the form prescribed by the Court, a copy of which is attached to this Order in landscape format with adequate spacing,** and email a copy of same in WordPerfect or Word format to Judge Suddaby's Courtroom Deputy at <u>Lori_Welch@nynd.uscourts.gov</u> .  Counsel should complete the exhibit number and exhibit description.  The remaining boxes shall be left blank for the Courtroom Deputy to complete during trial.  Upon request, the Courtroom Deputy can email the form exhibit list in either WordPerfect or Word format to counsel.

    (b) All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be marked for identification in the manner prescribed below and must be assembled in **BINDERS** with each document properly marked at the lower right corner for identification purposes as directed below.  Counsel shall provide two **separate** binders with a complete set of exhibits, **the originals for the Clerk and a copy for the Court on the first day of trial**, and one binder to each opposing counsel.

    The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived), **<u>NO LATER THAN ONE WEEK PRIOR TO THE FINAL PRETRIAL CONFERENCE DATE.</u>** The exhibit binders for the Clerk and the Court shall be presented to Judge Suddaby's Courtroom Deputy at the beginning of the trial.

**<u>NOTE</u>: During the course of trial the Courtroom Deputy shall take charge of exhibits which are <u>received into evidence.</u>  At the conclusion of the trial, the Courtroom Deputy will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal.  Videotaped deposition transcripts viewed at trial shall be filed with the Clerk's office and made a part of the record and counsel is responsible for providing an additional copy of the transcript to the Courtroom Deputy.**

(c)    Exhibit Markers: Counsel shall fill in the appropriate markers leaving the "Date entered" and "Deputy Clerk" lines blank.  All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government.

Plaintiff's exhibits should be denoted as: P-l, P-2, P-3, etc. Defendant's exhibits should be denoted as: D-l, D-2, D-3, etc. Government's exhibits should be denoted as: G-l, G-2, G-3, etc.  In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit.  If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit.  Each exhibit shall also have an exhibit number in the upper right hand corner of the exhibit (P-l, P-2, etc. or D-l, D-2, etc.).

(4)    Motions *In Limine*: Counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, any motions *in limine* by 10/24/16, citing the applicable rules of evidence and case law. Counsel shall file any response to a Motion *In Limine* no later than 10/31/16.  **MOTIONS *IN LIMINE* MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT.**

(5)    Depositions: All deposition transcripts and video-taped depositions to be used at trial shall be brought to court on the day of trial.  Not less than four weeks prior to the trial date, each party shall indicate to the opposing party the portion of the video deposition to be offered. To the extent possible, objections are to be resolved between the parties. **One week before the Final Pretrial Conference**, counsel shall forward to the Judge's chambers any portions of a deposition transcript intended to be used in trial **that are in dispute** (including video-taped depositions) for ruling at the Final Pretrial Conference. **The parties must provide an edited version of any VHS tape or DVD to be shown to the jury at trial deleting any portions ruled inadmissible by the Court.**  The Court does not have the capability to start and stop a video during trial to edit certain portions of the VHS tape or DVD.   All deposition transcripts, including videotaped depositions, that are not in dispute shall be brought to Court on the

first day of trial. Counsel shall provide the Court with an additional copy of the "redacted" transcript of all video deposition testimony which is put into evidence at trial and shall be made a part of the record for filing with the Clerk's office. **Counsel must confirm with the Court that the DVD format is compatible with the Courtroom equipment prior to the first day of trial.**

(6)  Trial Briefs: Counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law.  Trial briefs should also include any evidentiary issues that are expected to arise.  Requests to preclude evidence may not be presented in trial briefs but must be presented in a motion in limine. If counsel determines there are no disputed issues of law or evidentiary issues, the parties are not required to file a trial brief.

(7)  Requests to Charge/Special Verdict Form: Counsel shall file electronically with the Clerk's Office a request to charge and a proposed **Special** Verdict Form, with a copy to opposing counsel, and email a copy of same in WordPerfect or Word format to Judge Suddaby's Courtroom Deputy at Lori_Welch@nynd.uscourts.gov. The requests to charge need only include instructions that are specific to the law in this case regarding liability, affirmative defenses, damages, and any unusual issues.  The court has the usual boilerplate charges. **Each jury charge must contain (1) the legal citations to case law or pattern instructions supporting the proposed charge and (2) an explanation of how, if at all, the proposed charge differs from the case law or pattern instructions.**

(8)  Voir Dire: Counsel shall electronically file any proposed Voir Dire requests.  Each party shall submit a numbered list of questions which the court, in the exercise of its discretion, may use during jury selection, and counsel shall email a copy of any proposed Voir Dire questions in WordPerfect or Word format to Judge Suddaby's Courtroom Deputy at Lori_Welch@nynd.uscourts.gov.

(9)  Court-Ordered Voir Dire: Counsel shall electronically file with the Clerk's office the attached "Court-Ordered Voir Dire".

(10) **Courtroom Technology:** If the parties intend to utilize the courtroom equipment at the time of trial, counsel are directed to contact the Courtroom Deputy **prior** to the trial date to make arrangements for training and testing such equipment. Please keep in mind that the Court does not provide a person to run the equipment during trial. The courtroom is supplied with a VHS/DVD combination unit, visual evidence presenter, VGA connections for laptops (no internet), and interpreter/hearing impaired headsets. All non-proprietary DVD's (*i.e.*, .avi, .mp3, .mp4 and .wmv) should be compatible with the Court's DVD player, however, **prior** to the trial date, counsel must confirm such compatibility for use at the time of trial. If any portion of the DVD/VHS tape should be redacted, it is the responsibility of counsel to provide a redacted copy for use at trial. Counsel will be **required** to utilize the visual presenter to publish exhibits to the jury. The visual evidence presenter will allow counsel to display documents, photos, objects, x-rays, and electronic presentations on monitors placed throughout the courtroom and in the jury box with touch screen monitors at the podium and witness stand. Laptop connections are available at the podium and at all counsel tables (no internet). Please note that audio cables are not available and counsel should provide their own, if necessary. If you are presenting evidence through a Macintosh laptop, a video convertor/adaptor is required and must be supplied by counsel. In the event counsel's equipment is not compatible with the courtroom's equipment, the Court is not responsible for supplying additional electronic parts to remedy this. **One week prior to the trial date**, counsel may request that the Court reporter provide a live realtime transcript or an end of the day transcript. **There is a charge for these services and financial arrangements should be made ahead of time with the court reporter**. In order to use live realtime transcript, the following is required: 1) litigation support hardware (i.e. LiveNote, Bridge, Caseview); hardware (i.e. if laptop does not have a serial port, a USB to serial adaptor is required). Additional courtroom technology information may be obtained on the court's webpage: http://www.nynd.uscourts.gov/Courtroom_Technology.htm.

(11) Consent to Magistrate Judge: In accordance with the provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties may voluntarily consent to have this jury trial held in Albany, NY before United States Magistrate Judge Daniel J. Stewart. Exercise of this jurisdiction by a Magistrate Judge is only permitted only if all parties voluntarily consent. An appeal from a judgment entered by a Magistrate Judge on consent shall be taken directly to the United States Court of

Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this District Court.  A consent form to the Magistrate Judge is attached to this order.

(12)   <u>Assessment of Juror Costs</u>: The parties are advised that pursuant to Local Rule 47.3, whenever any civil action scheduled for a jury trial is postponed, settled, or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including Marshal's fees, mileage, and per diem, shall be assessed against the parties and/or their counsel as directed by the Court, unless the Court and the Clerk's Office are notified at least one full business day prior to the day on which the action is scheduled for trial in time to advise the jurors that it will be unnecessary for them to attend.

**IT IS SO ORDERED.**

Dated:        May 3, 2016
              Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

**COURT ORDERED VOIR DIRE**
(to be used by the Judge at trial)


CASE TITLE:
CIVIL ACTION NO.:
DISTRICT JUDGE:


## ATTACHMENT # 1

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date, or the date set forth in the Judge's trial order, whichever is sooner.

NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:



(use additional page if necessary)

YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.



(use additional page if necessary)

SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.


(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES
TO BE CALLED.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT
WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR
AREAS OF EXPERTISE.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF
ACTION IN THE COMPLAINT.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY
AFFIRMATIVE DEFENSE ASSERTED AS WELL AS A STATEMENT
ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER.

(use additional page if necessary)

--------------------------------
PLEASE TAKE NOTICE that any delay in jury selection occasioned by the
failure to provide this information will be explained to the jury as to the
extent of the delay and the attorney causing same, and if the delay causes
a one (1) day or more postponement of this trial, appropriate monetary
sanctions may be imposed by the Court.

Submitted by:
Date:

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |

United States District Court
For The Northern District Of New York

Case No. _____

Date: _____

Presiding Judge: _____

( ) Plaintiff                    ( ) Defendant                    ( ) Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Exhibits Returned To Counsel (Date):_____ Signature:_____

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Exhibits Returned To Counsel (Date):_____ Signature:_____

# UNITED STATES DISTRICT COURT
for the

_____     District of     _____

| | | |
|---|---|---|
| _____ | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| Defendant | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a Magistrate Judge's availability.* A United States Magistrate Judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States Court of Appeals like any other judgment of this court. A Magistrate Judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a Magistrate Judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judgment who may otherwise be involved with your case.

*Consent to a Magistrate Judge's authority.* The following parties consent to have a United States Magistrate Judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED**: This case is referred to a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

Date: _____

_____
District Judge's Signature

_____
Printed name and title

Note:     Return this form to the clerk of the court only if you are consenting to the exercise of jurisdiction by a United States Magistrate Judge. Do not return this form to a Judge.